# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JOHN J. THARP, JR. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 3304 | **DATE** | 6/20/2012 |
| **CASE TITLE** | John Henry Gentry (#2010-0806111) vs. Thomas Dart, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff may proceed on his amended complaint. The clerk is directed to: (1) file the amended complaint; (2) terminate Officer Price as a defendant pursuant to the amended complaint and Fed. R. Civ. P. 15(a); (3) reinstate Thomas Dart as a defendant; (4) add Cook County as a defendant; (5) issue summonses for service on the defendants by the U.S. Marshal; and (6) mail the plaintiff another copy of the court's filing instructions. In view of the need to serve the amended complaint, the status hearing set previously scheduled for July 19, 2012, is re-set to August 2, 2012, at 9:00 a.m.

■ [For further details see text below.]                    Docketing to mail notices.

## STATEMENT

The plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that an officer at the jail used unjustified force against him, and that the Sheriff and Cook County have an effective custom, practice, or policy of fostering or overlooking such constitutional violations.

The plaintiff has submitted a proposed amended complaint seeking to hold the Sheriff and County liable for Officer Norise's alleged mistreatment. The plaintiff has also dropped Officer Price as a defendant. Under 28 U.S.C. § 1915A, the court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees. Here, accepting the plaintiff's factual allegations as true, the court finds that the amended complaint states colorable causes of action under the Civil Rights Act. Unjustified force against a pretrial detainee violates the inmate's rights under the Fourteenth Amendment. *See, e.g., Rice ex rel. Rice v. Correctional Medical Services*, 675 F.3d 650, 667-68 (7th Cir. 2012). Furthermore, while the doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983, *see, e.g., Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008), supervisors may be liable if they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *T.E. v. Grindle*, 599 F.3d 583, 588 (7th Cir. 2010) (quoting *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988).

**(CONTINUED)**

mjm

Likewise, a municipality can be held liable for a constitutional violation if the county was a "moving force" in that a custom, policy or practice effectively caused or condoned the alleged constitutional violation. *See, e.g., Wragg v. Village of Thornton*, 604 F.3d 464, 467 (7th Cir. 2010); *Phelan v. Cook County*, 463 F.3d 773, 789 (7th Cir. 2006); *Monell v. New York Dept. of Social Services,* 436 U.S. 658, 691 (1978). While a more fully developed record may belie the plaintiff's claims, the defendants must respond to the allegations in the amended complaint.

The clerk shall issue summonses for service of the amended complaint on the named defendants. The United States Marshals Service is appointed to serve the defendants. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve the defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendants. With respect to any former jail employee who can no longer be found at the work address provided by the plaintiff, the Cook County Department of Corrections shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

On this single occasion, the court has made judge's and service copies of the amended complaint. However, **the plaintiff is reminded that he must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed.** In addition, the plaintiff must send an exact copy of any court filing to the defendants [or to defense counsel, once an attorney has entered an appearance on behalf of the defendants]. In the future, any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the plaintiff.

In view of the need to serve the amended complaint, the status hearing set for 7/19 is rescheduled for 8/2/12 at 9:00 a.m.